BROWN *v.* STAIR.

5-1259                                             301 S. W. 2d 16

Opinion delivered April 22, 1957.

*Dobbs, Pryor & Dobbs,* for appellant.

*Warner, Warner & Ragon,* for appellee.

SAM ROBINSON, Associate Justice. The appellee, John Stair, was damaged when his automobile, which he was driving East on Rogers Avenue in Fort Smith, was struck from the front by a car driven by Coleman Smith and struck from the rear by an automobile driven by appellant, Sanford Brown. There was a judgment in favor of Stair against both Smith and Brown. Brown has appealed.

The principal issues on appeal are whether Brown and Smith are joint tort-feasors, and whether there is any substantial evidence of negligence on the part of Brown. Appellant contends there were two collisions sufficiently separated in point of time as to make inapplicable the principles of joint tort-feasor; and that there was no negligence on his part. Brown was traveling about one hundred twenty feet behind Stair; they were both going in the same direction. Coleman Smith, traveling in the opposite direction, got over on the wrong side of the road and collided head-on with Stair. There is evidence to the effect that, practically simultaneously with the head-on collision, the Brown car struck Stair from the rear. Stair testified that, in an attempt to avoid the collision, he put on his brakes when he saw Smith get over on the wrong side of the road. Brown testified that he did not see the Smith car prior to the collision, and did not see Stair attempting to stop; there is a reasonable inference that if Brown did not see the Smith car he was not keeping a proper lookout and negligently failed to observe Stair stopping his car in an attempt to avoid a collision with Smith; and this theory would explain Brown's action in striking the Stair car from the rear. Brown claims that the Stair automobile was knocked back into his car, but these were questions for the jury.

Brown argues that there were two separate accidents; first, that Smith and Stair collided head-on and at an appreciable time later, Brown collided with the Stair car and that, in these circumstances, the second wrongdoer is not a joint tort-feasor with the party who was negligent in the first instance. Assuming appellant's theory of the law on this point is correct, according to the evidence it cannot be said as a matter of law that this principle is applicable in the case at bar. After testifying about being struck from the front by the Smith car, Stair said: ''I felt the second impact almost instantaneously.''

By his requested Instruction No. 3, the appellant asked the court to tell the jury as a matter of law there were two separate accidents, but, in view of the evidence

in the case the court was justified in refusing the instruction. Instruction No. 4 requested by appellant, and refused by the court, assumes there were two separate accidents. In view of the evidence, the court could not adopt this assumption.

Affirmed.